WROTEN & ASSOCIATES
LARRY T. PLEISS, State Bar No. 90300
E-Mail: lpleiss@wrotenlaw.com
CANDICE P. HALLACK State Bar No. 282580
E-Mail: challack@wrotenlaw.com
5510 Trabuco Road
Irvine, California 92620
Telephone: (949) 788-1790
Facsimile: (949) 788-1799

Attorneys for Defendants, CHILDREN'S HOSPITAL OF ORANGE COUNTY;
CHOC MEDICAL STAFF; and CHOC PEDIATRIC SUBSPECIALTY
FACULTY, erroneously named and served herein as CHOC Medical Group

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TORANTO, AN INDIVIDUAL, <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL JAFFURS, AN INDIVIDUAL; AMANDA GOSMAN, AN INDIVIDUAL; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, A CALIFORNIA CORPORATION; RADY CHILDREN'S HOSPITAL-SAN DIEGO, A CALIFORNIA CORPORATION; RADY CHILDREN'S HOSPITAL AND HEALTH CENTER, A CALIFORNIA CORPORATION; RADY CHILDREN'S HEALTH SERVICES-SAN DIEGO, A CALIFORNIA CORPORATION; RADY CHILDREN'S HOSPITAL FOUNDATION-SAN DIEGO, A CALIFORNIA CORPORATION; RADY CHILDREN'S MEDICAL STAFF, AN UNINCORPORATED ASSOCIATION; CHILDREN'S HOSPITAL OF ORANGE COUNTY, A CALIFORNIA CORPORATION; CHOC MEDICAL GROUP, A CALIFORNIA CORPORATION; AND CHOC MEDICAL STAFF, AN UNINCORPORATED ASSOCIATION, <br><br> Defendants. | Case No. 3:16-cv-01709-JAH-NLS <br><br> ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL <br><br> Assigned for All Purposes to: <br> Judge John A. Houston <br> Courtroom: 13B (13th Floor - Carter/Keep), Suite 1380 <br> Filed: 07/01/2016 |

Wroten & Associates
Attorneys at Law
WROTEN PLEISS CASEY STRAR ROSS

COME NOW defendants, CHILDREN'S HOSPITAL OF ORANGE COUNTY; CHOC MEDICAL STAFF; and CHOC PEDIATRIC SUBSPECIALTY FACULTY, erroneously named and served herein as CHOC Medical Group ["Defendants"], by and through the undersigned counsel, and hereby answer the unverified Complaint of Plaintiff, JASON TORANTO ["Plaintiff"], in the above-entitled matter, as follows:

<u>SUMMARY OF CASE</u>

1.      Paragraph 1 of the Complaint is a narrative for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore deny the same.

2.      Paragraph 2 of the Complaint is a narrative for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore deny the same.

3.      Paragraph 3 of the Complaint is a narrative in part and a conclusion in part for which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore deny the same.

4.      Paragraph 4 of the Complaint is a narrative in part and a conclusion in part for which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore deny the same.

5.      Paragraph 5 of the Complaint is a narrative in part and a conclusion in part for which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore deny the same.

6.      Paragraph 6 of the Complaint is a narrative in part and a conclusion in part for which no answer is required.  To the extent an answer is required, Defendants are

Wroten *&* Associates
*Attorneys at Law*
WROTEN PLESS CASEY STEAK ROSS

1  without knowledge or information sufficient to form a belief as to the truth of the

2  allegations in Paragraph 6 of the Complaint, and therefore deny the same.

3    7.    Paragraph 7 of the Complaint is a narrative in part and a conclusion in part

4  for which no answer is required.  To the extent an answer is required, Defendants are

5  without knowledge or information sufficient to form a belief as to the truth of the

6  allegations in Paragraph 7 of the Complaint, and therefore deny the same.

7    8.    Paragraph 8 of the Complaint is a narrative in part and a conclusion in part

8  for which no answer is required.  To the extent an answer is required, Defendants are

9  without knowledge or information sufficient to form a belief as to the truth of the

10  allegations in Paragraph 8 of the Complaint, and therefore deny the same.

11                              PARTIES

12    9.    Defendants admit that at all times material, Plaintiff is, and has been, a

13  Board certified general surgeon, a Board certified plastic reconstructive surgeon, and a

14  fellowship-trained pediatric plastic and cranial facial surgeon and a member in good

15  standing of the Medical Staff at Children's Hospital of Orange County, and are without

16  knowledge or information sufficient to form a belief as to the truth of the remaining

17  allegations contained in Paragraph 9 of the Complaint, and therefore deny the same.

18    10.    Defendants admit that at all times material to the Complaint, DANIEL

19  JAFFURS, M.D. is a pediatric plastic and cranial facial surgeon at Children's Hospital

20  of Orange County, and are without knowledge and information sufficient to form a

21  belief as to the truth of the remaining allegations contained in Paragraph 10 of the

22  Complaint, and therefore deny the same.

23    11.    Defendants are without knowledge or information sufficient to form a

24  belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and

25  therefore deny the same.

26    12.    Defendants are without knowledge or information sufficient to form a

27  belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore

28  deny the same.

Wroten&Associates
Attorneys at Law
WROTEN PLESS CASEY STEAR ROSS

W
M

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore deny the same.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore deny the same.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore deny the same.

16.     Defendants admit that Children's Hospital of Orange County and CHOC Medical Group are California corporations.  Defendants admit that at all times material, Children's Hospital of Orange County has provided facilities for the delivery of medical services in Orange, California, and Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Defendants admit that CHOC Medical Staff is an unincorporated association composed of physicians and other health care providers, and deny the remaining allegations contained in Paragraph 17 of the Complaint.

<u>JURISDICTION AND VENUE</u>

18.     Paragraph 18 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore deny the same.

19.     Paragraph 19 of the Complaint is a narrative and states legal conclusions for which no answer is required.  To the extent that an answer is required, Defendants deny the allegations of Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Defendants deny the allegations of Paragraph 20 of the Complaint.

<u>TRADE AND COMMERCE</u>

21.     Paragraph 21 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore deny the same.

22.     Paragraph 22 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore deny the same.

23.     Paragraph 23 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore deny the same.

24.     Paragraph 24 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore deny the same.

25.     Paragraph 25 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore deny the same.

26.     Paragraph 26 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore deny the same.

27.     Paragraph 27 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in

ANSWER TO COMPLAINT

1    Paragraph 27 of the Complaint, and therefore deny the same.

2        28.    Paragraph 28 of the Complaint states a legal conclusion for which no

3    answer is required.  To the extent that an answer is required, Defendants are without

4    knowledge or information sufficient to form a belief as to the truth of the allegations in

5    Paragraph 28 of the Complaint, and therefore deny the same.

6        29.    Paragraph 29 of the Complaint states a legal conclusion for which no

7    answer is required.  To the extent that an answer is required, Defendants are without

8    knowledge or information sufficient to form a belief as to the truth of the allegations in

9    Paragraph 29 of the Complaint, and therefore deny the same.

10                       NO IMMUNITY AVERMENTS

11       30.    Paragraph 30 of the Complaint states a legal conclusion for which no

12   answer is required.  To the extent that an answer is required, Defendants are without

13   knowledge or information sufficient to form a belief as to the truth of the allegations in

14   Paragraph 30 of the Complaint, and therefore deny the same.

15       31.    Paragraph 31 of the Complaint states a legal conclusion for which no

16   answer is required.  To the extent that an answer is required, Defendants are without

17   knowledge or information sufficient to form a belief as to the truth of the allegations in

18   Paragraph 31 of the Complaint, and therefore deny the same.

19       32.    Paragraph 32 of the Complaint states a legal conclusion for which no

20   answer is required.  To the extent that an answer is required, Defendants are without

21   knowledge or information sufficient to form a belief as to the truth of the allegations in

22   Paragraph 32 of the Complaint, and therefore deny the same.

23       33.    Paragraph 33 of the Complaint states a legal conclusion for which no

24   answer is required.  To the extent that an answer is required, Defendants are without

25   knowledge or information sufficient to form a belief as to the truth of the allegations in

26   Paragraph 33 of the Complaint, and therefore deny the same.

27       34.    Paragraph 34 of the Complaint states a legal conclusion for which no

28   answer is required.  To the extent that an answer is required, Defendants are without

Wroten Associates
Attorneys at Law
WROTEN PLEISS CASEY STAM ROSS

1  knowledge or information sufficient to form a belief as to the truth of the allegations in

2  Paragraph 34 of the Complaint, and therefore deny the same.

3        35.    Paragraph 35 of the Complaint states a legal conclusion for which no

4  answer is required.  To the extent that an answer is required, Defendants are without

5  knowledge or information sufficient to form a belief as to the truth of the allegations in

6  Paragraph 35 of the Complaint, and therefore deny the same.

7        36.    Paragraph 36 of the Complaint states a legal conclusion for which no

8  answer is required.  To the extent that an answer is required, Defendants are without

9  knowledge or information sufficient to form a belief as to the truth of the allegations in

10  Paragraph 36 of the Complaint, and therefore deny the same.

11                    RESPONDEAT SUPERIOR/AGENCY

12        37.    Defendants are without knowledge or information sufficient to form a

13  belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and

14  therefore deny the same.

15        38.    Defendants deny the allegations of Paragraph 38 of the Complaint.

16        39.    Defendants admit the first sentence of Paragraph 39 of the Complaint, and

17  deny the remaining allegations contained in Paragraph 39 of the Complaint.

18        40.    Defendants are without knowledge or information sufficient to form a

19  belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore

20  deny the same.

21        41.    Defendants are without knowledge or information sufficient to form a

22  belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore

23  deny the same.

24        42.    Defendants are without knowledge or information sufficient to form a

25  belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore

26  deny the same.

27        43.    Defendants are without knowledge or information sufficient to form a

28  belief as to the truth of the allegations in Paragraph 43 of the Complaint, and therefore

Wroten & Associates
Attorneys at Law
WROTEN PLESS CASEY STEAK ROSS

deny the same.

44.     Paragraph 44 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Defendants deny the same as it relates to them, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the Complaint, and therefore deny the same as well.

<u>FACTUAL ALLEGATIONS</u>

45.     Paragraph 45 of the Complaint states a narrative for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore deny the same.

46.     Paragraph 46 of the Complaint states a narrative for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 46 of the Complaint, and therefore deny the same.

47.     Paragraph 47 of the Complaint states a narrative for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 47 of the Complaint, and therefore deny the same.

48.     Paragraph 48 of the Complaint states a narrative for which no answer is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 48 of the Complaint, and therefore deny the same.

49.     Defendants admit the allegations in Paragraph 49 of the Complaint.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore deny the same.

51.     Defendants are without knowledge or information sufficient to form a

Wroten&Associates
Attorneys at Law
WROTEN PLESS CASEY STUAR ROSS

belief as to the truth of the allegations in Paragraph 51 of the Complaint, and therefore deny the same.

52.     Defendants admit the allegations in Paragraph 52 of the Complaint.

53.     Defendants admit the allegations in Paragraph 53 of the Complaint.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and therefore deny the same.

55.     Defendants admit the allegations in Paragraph 55 of the Complaint.

56.     Defendants admit the allegations in Paragraph 56 of the Complaint.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint as to where Plaintiff lived, but do admit that he "worked in Orange County, California."

58.     Defendants admit the allegations in Paragraph 58 of the Complaint.

59.     Defendants admit the allegations in Paragraph 59 of the Complaint.

60.     Defendants admit that Plaintiff is a pediatric and cranial facial surgeon, as alleged in Paragraph 60 of the Complaint, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60 of the Complaint, and therefore deny the same.

61.     Defendants admit that as alleged in Paragraph 61, in 2013 Plaintiff was a member of the Medical Staff at Children's Hospital of Orange County and worked in Orange County, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the Complaint, and therefore deny the same.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and therefore deny the same.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and therefore

1 | deny the same.

2 |     64.    Defendants are without knowledge or information sufficient to form a

3 | belief as to the truth of the allegations in Paragraph 64 of the Complaint, and therefore

4 | deny the same.

5 |     65.    Defendants are without knowledge or information sufficient to form a

6 | belief as to the truth of the allegations in Paragraph 65 of the Complaint, and therefore

7 | deny the same.

8 |     66.    Defendants are without knowledge or information sufficient to form a

9 | belief as to the truth of the allegations in Paragraph 66 of the Complaint, and therefore

10 | deny the same.

11 |     67.    Defendants are without knowledge or information sufficient to form a

12 | belief as to the truth of the allegations in Paragraph 67 of the Complaint, and therefore

13 | deny the same.

14 |     68.    Because of multiple areas of uncertainty, ambiguity and vagueness

15 | contained in Paragraph 68, Defendants are without knowledge or information sufficient

16 | to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint, and

17 | therefore deny the same.

18 |     69.    Defendants are without knowledge or information sufficient to form a

19 | belief as to the truth of the allegations in Paragraph 69 of the Complaint, and therefore

20 | deny the same.

21 |     70.    Defendants are without knowledge or information sufficient to form a

22 | belief as to the truth of the allegations in Paragraph 70 of the Complaint, and therefore

23 | deny the same.

24 |     71.    Defendants are without knowledge or information sufficient to form a

25 | belief as to the truth of the allegations in Paragraph 71 of the Complaint, and therefore

26 | deny the same.

27 |     72.    Defendants are without knowledge or information sufficient to form a

28 | belief as to the truth of the allegations in Paragraph 72 of the Complaint, and therefore

Wroten & Associates
Attorneys at Law
WROTEN PLESS CASEY STEAR ROSS

1    deny the same.

2        73.    Defendants are without knowledge or information sufficient to form a

3    belief as to the truth of the allegations in Paragraph 73 of the Complaint, and therefore

4    deny the same.

5        74.    Defendants are without knowledge or information sufficient to form a

6    belief as to the truth of the allegations in Paragraph 74 of the Complaint, and therefore

7    deny the same.

8        75.    Defendants are without knowledge or information sufficient to form a

9    belief as to the truth of the allegations in Paragraph 75 of the Complaint, and therefore

10   deny the same.

11       76.    Defendants are without knowledge or information sufficient to form a

12   belief as to the truth of the allegations in Paragraph 76 of the Complaint, and therefore

13   deny the same.

14       77.    Defendants are without knowledge or information sufficient to form a

15   belief as to the truth of the allegations in Paragraph 77 of the Complaint, and therefore

16   deny the same.

17       78.    Defendants are without knowledge or information sufficient to form a

18   belief as to the truth of the allegations in Paragraph 78 of the Complaint, and therefore

19   deny the same.

20       79.    Defendants are without knowledge or information sufficient to form a

21   belief as to the truth of the allegations in Paragraph 79 of the Complaint, and therefore

22   deny the same.

23       80.    Defendants are without knowledge or information sufficient to form a

24   belief as to the truth of the allegations in Paragraph 80 of the Complaint, and therefore

25   deny the same.

26       81.    Defendants are without knowledge or information sufficient to form a

27   belief as to the truth of the allegations in Paragraph 81 of the Complaint, and therefore

28   deny the same.

Case No. 3:16-cv-01709-JAH-NLS

ANSWER TO COMPLAINT

82.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, and therefore deny the same.

83.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, and therefore deny the same.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and therefore deny the same.

85.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, and therefore deny the same.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint, and therefore deny the same.

87.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint, and therefore deny the same.

88.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, and therefore deny the same.

89.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint, and therefore deny the same.

90.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint, and therefore deny the same.

91.    Defendants are without knowledge or information sufficient to form a

1  belief as to the truth of the allegations in Paragraph 91 of the Complaint, and therefore

2  deny the same.

3      92.    Defendants are without knowledge or information sufficient to form a

4  belief as to the truth of the allegations in Paragraph 92 of the Complaint, and therefore

5  deny the same.

6                        FIRST CLAIM FOR RELIEF

7            (Conspiracy in Restraint of Trade, 15 U.S.C. § 1)

8                        (Against All Defendants)

9      93.    Defendants incorporate by reference their responses to paragraphs 1-92

10  of the Complaint.

11      94.    Defendants are without knowledge or information sufficient to form a

12  belief as to the truth of the allegations in Paragraph 94 of the Complaint, and therefore

13  deny the same.

14      95.    Defendants are without knowledge or information sufficient to form a

15  belief as to the truth of the allegations in Paragraph 95 of the Complaint, and therefore

16  deny the same.

17      96.    Defendants are without knowledge or information sufficient to form a

18  belief as to the truth of the allegations in Paragraph 96 of the Complaint, and therefore

19  deny the same.

20      97.    Defendants are without knowledge or information sufficient to form a

21  belief as to the truth of the allegations in Paragraph 97 of the Complaint, and therefore

22  deny the same.

23      98.    Defendants are without knowledge or information sufficient to form a

24  belief as to the truth of the allegations in Paragraph 98 of the Complaint, and therefore

25  deny the same.

26      99.    Defendants are without knowledge or information sufficient to form a

27  belief as to the truth of the allegations in Paragraph 99 of the Complaint, and therefore

28  deny the same.

Wroten & Associates
Attorneys at Law
WROTEN PLESS CASEY STAR ROSS

100.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint, and therefore deny the same.

101.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint, and therefore deny the same.

102.   Defendants deny the allegations of Paragraph 102 of the Complaint.

103.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint, and therefore deny the same.

104.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint, and therefore deny the same.

105.   Paragraph 105 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 105 of the Complaint.

106.   Paragraph 106 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 106 of the Complaint.

SECOND CLAIM FOR RELIEF

(Monopoly – 15 U.S.C § 2)

(Against Defendants Dr. Gosman, Rady Children's,

Rady Foundation & Rady Children's Medical Staff)

107.   Defendants incorporate by reference their responses to paragraphs 1-106 of the Complaint.

108.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint, and therefore deny the same.

Wroten & Associates
Attorneys at Law
WROTEN PLEISS CASEY STIAR ROSS

109.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint, and therefore deny the same.

110.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint, and therefore deny the same.

111.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint, and therefore deny the same.

112.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint, and therefore deny the same.

113.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint, and therefore deny the same.

114.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint, and therefore deny the same.

115.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint, and therefore deny the same.

116.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint, and therefore deny the same.

117.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint, and therefore deny the same.

118.   Paragraph 118 of the Complaint states a legal conclusion for which no

1  answer is required. To the extent that an answer is required, Defendants deny the

2  allegations of Paragraph 118 of the Complaint.

3  119.   Paragraph 119 of the Complaint states a legal conclusion for which no

4  answer is required.  To the extent that an answer is required, Defendants deny the

5  allegations of Paragraph 119 of the Complaint.

6  <u>THIRD CLAIM FOR RELIEF</u>

7  (Bad Faith Professional Review – Cal. Bus. & Prof. Code § 809.05 et seq.)

8  (Against Defendants Dr. Gosman, Rady Children's, Rady Foundation & Rady

9  Children's Medical Staff)

10  120.   Defendants incorporate by reference their responses to paragraphs 1-119

11  of the Complaint.

12  121.   Defendants are without knowledge or information sufficient to form a

13  belief as to the truth of the allegations of Paragraph 121 of the Complaint, and therefore

14  deny the same.

15  122.   Defendants are without knowledge or information sufficient to form a

16  belief as to the truth of the allegations of Paragraph 122 of the Complaint, and therefore

17  deny the same.

18  123.   Defendants are without knowledge or information sufficient to form a

19  belief as to the truth of the allegations of Paragraph 123 of the Complaint, and therefore

20  deny the same.

21  124.   Defendants are without knowledge or information sufficient to form a

22  belief as to the truth of the allegations of Paragraph 124 of the Complaint, and therefore

23  deny the same.

24  125.   Defendants are without knowledge or information sufficient to form a

25  belief as to the truth of the allegations of Paragraph 125 of the Complaint, and therefore

26  deny the same.

27  126.   Defendants are without knowledge or information sufficient to form a

28  belief as to the truth of the allegations of Paragraph 126 of the Complaint, and therefore



Wroten & Associates
Attorneys at Law
WROTEN PLESS CASEY STEAR ROSS

1  deny the same.

2      127.   Defendants are without knowledge or information sufficient to form a
3  belief as to the truth of the allegations of Paragraph 127 of the Complaint, and therefore
4  deny the same.

5      128.   Defendants are without knowledge or information sufficient to form a
6  belief as to the truth of the allegations of Paragraph 128 of the Complaint, and therefore
7  deny the same.

8      129.   Defendants are without knowledge or information sufficient to form a
9  belief as to the truth of the allegations of Paragraph 129 of the Complaint, and therefore
10  deny the same.

11      130.   Defendants are without knowledge or information sufficient to form a
12  belief as to the truth of the allegations of Paragraph 130 of the Complaint, and therefore
13  deny the same.

14                    FOURTH CLAIM FOR RELIEF

15          (Retaliation – Cal. Bus. & Prof. Code §§ 510-512, 2056)

16      (Against Defendants Dr. Jaffurs, UCI, CHOC, CHOC Medical Staff)

17      131.   Defendants incorporate by reference their responses to paragraphs 1-
18  130 of the Complaint.

19      132.   Paragraph 132 states a legal conclusion for which no answer is required.
20  To the extent that an answer is required, Defendants are without knowledge or
21  information sufficient to form a belief as to the truth of the allegations in Paragraph 132
22  of the Complaint, and therefore deny the same.

23      133.   Paragraph 133 states a legal conclusion for which no answer is required.
24  To the extent that an answer is required, Defendants are without knowledge or
25  information sufficient to form a belief as to the truth of the allegations in Paragraph 133
26  of the Complaint, and therefore deny the same.

27      134.   Paragraph 134 states a legal conclusion for which no answer is required.
28  To the extent that an answer is required, Defendants are without knowledge or

Wroten & Associates
Attorneys at Law
WROTEN PLESS CASEY STEAB ROSS

1  information sufficient to form a belief as to the truth of the allegations in Paragraph 134

2  of the Complaint, and therefore deny the same.

3       135.   Paragraph 135 is vague, ambiguous and uncertain, but to the extent that it

4  alleges these defendants created a hostile work environment, and made any defamatory

5  and/or false statements about Plaintiff, such is denied, and as to the remaining

6  allegations of Paragraph 135, Defendants are without knowledge or information

7  sufficient to form a belief as to the truth of the allegations stated therein, and therefore

8  deny the same.

9       136.   Paragraph 136 is vague, ambiguous and uncertain, but to the extent that it

10  alleges these defendants created a hostile work environment, and made any defamatory

11  and/or false statements about Plaintiff, such is denied, and as to the remaining

12  allegations of Paragraph 136, Defendants are without knowledge or information

13  sufficient to form a belief as to the truth of the allegations stated therein, and therefore

14  deny the same.

15       137.   Defendants are without knowledge or information sufficient to form a

16  belief as to the truth of the allegations of Paragraph 137 of the Complaint, and therefore

17  deny the same.

18       138.   Defendants deny the allegations of Paragraph 138 of the Complaint.

19       139.   Paragraph 139 of the Complaint states a legal conclusion for which no

20  answer is required.  To the extent that an answer is required, these defendants deny that

21  they acted towards Plaintiff with malice, oppression and/or fraud, or that they retaliated

22  in any regard against Plaintiff. As to the remaining allegations contained in Paragraph

23  139 of the Complaint, Defendants are without knowledge or information sufficient to

24  form a belief as to the truth of the allegations, and therefore deny the same.

25  <u>FIFTH CLAIM FOR RELIEF</u>

26  (Retaliation – Cal. Labor Code § 1102.5)

27  (Against Defendants Jaffurs, UCI & CHOC)

28       140.   Defendants incorporate by reference their responses to paragraphs 1-139

Wroten & Associates
Attorneys at Law
WROTEN PLESS CASEY STRAR ROSS

of the Complaint.

141.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Complaint, and therefore deny the same.

142.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint, and therefore deny the same.

143.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint, and therefore deny the same.

144.   Defendants deny the allegations of Paragraph 144 of the Complaint.

145.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 of the Complaint, and therefore deny the same.

146.   Paragraph 146 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, these defendants deny that they acted towards Plaintiff with malice, oppression and/or fraud, or that they retaliated in any regard against Plaintiff.  As to the remaining allegations contained in Paragraph 146 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

<u>SIXTH CLAIM FOR RELIEF</u>

(Defamation - Cal Civ. Code §§ 45-46)

(Against All Defendants)

147.   Defendants incorporate by reference, their responses to paragraphs 1-146 of the Complaint.

148.   Paragraph 148 of the Complaint is vague, ambiguous and uncertain, calls for a legal conclusion, and as such Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the

Wroten*Associates
*Attorneys at Law*
WROTEN PLESS CASEY SITAR ROSS

Complaint, and therefore deny the same.

149.   Paragraph 149 of the Complaint is vague, ambiguous and uncertain, calls for a legal conclusion, and as such Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint, and therefore deny the same.

150.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 of the Complaint, and therefore deny the same.

151.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 of the Complaint, and therefore deny the same.

152.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 of the Complaint, and therefore deny the same.

153.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 of the Complaint, and therefore deny the same.

154.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 of the Complaint, and therefore deny the same.

155.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155 of the Complaint, and therefore deny the same.

156.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 of the Complaint, and therefore deny the same.

157.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 of the Complaint, and therefore

deny the same.

158.   Paragraph 158 as it relates to these defendants is vague, ambiguous, uncertain, and states legal conclusions for which no answer is required.  To the extent that an answer is required, these defendants deny the allegations of  Paragraph 158 as they relate to them; and as to the remaining defendants, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Complaint, and therefore deny the same.

159.   Paragraph 159 as it relates to these defendants is vague, ambiguous, uncertain, and states legal conclusions for which no answer is required.  To the extent that an answer is required, these defendants deny the allegations of  Paragraph 159 as they relate to them; and as to the remaining defendants, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Complaint, and therefore deny the same.

160.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Complaint, and therefore deny the same.

161.   Defendants deny the allegations of Paragraph 161 of the Complaint.

162.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Complaint, and therefore denies the same.

163.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Complaint, and therefore deny the same.

164.   Paragraph 164 as it relates to these defendants is vague, ambiguous, uncertain, and states legal conclusions for which no answer is required.  To the extent that an answer is required, these defendants deny the allegations of  Paragraph 164 as they relate to them; and as to the remaining defendants, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in

Wroten & Associates
Attorneys at Law
WROTEN PLESS CASEY STEIR ROSS

Paragraph 164 of the Complaint, and therefore deny the same.

165. Paragraph 165 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, these defendants deny that they acted towards Plaintiff with malice, oppression and/or fraud, or that they retaliated in any regard against Plaintiff. As to the remaining allegations contained in Paragraph 165 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

SEVENTH CLAIM FOR RELIEF

(Cal. Labor Code §1050 et seq.)

(Against Defendants Dr. Jaffurs, UCI and CHOC)

166. Defendants incorporate by reference their responses to paragraphs 1-165 of the Complaint.

167. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Complaint, and therefore deny the same.

168. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the Complaint, and therefore deny the same.

169. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the Complaint, and therefore deny the same.

170. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Complaint, and therefore deny the same.

171. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Complaint, and therefore deny the same.

172. Paragraph 172 of the Complaint states a legal conclusion for which no

Wroten & Associates
Attorneys at Law
WROTEN PLESS CASEY STAR ROSS

1   answer is required. To the extent that an answer is required, Defendants deny the

2   allegations in Paragraph 172 as they relate to them; and as to the remaining defendants,

3   they are without knowledge or information sufficient to form a belief as to the truth of

4   the allegations contained therein, and therefore deny the same.

5       173.   Defendants deny the allegations of Paragraph 173 of the Complaint.

6       174.   Defendants are without knowledge or information sufficient to form a

7   belief as to the truth of the allegations of Paragraph 174 of the Complaint, and therefore

8   deny the same.

9       175.   Paragraph 175 of the Complaint states a legal conclusion for which no

10  answer is required. To the extent that an answer is required, Defendants deny the

11  allegations of Paragraph 175.

12                    <u>EIGHTH CLAIM FOR RELIEF</u>

13            (Tortious Interference with Prospective Economic Relations)

14      (Against Defendants Dr. Jaffurs, UCI, CHOC, CHOC Medical Staff & Dr.

15        Gosman, Rady Children's, Rady Foundation, Rady Medical Staff)

16      176.   Defendants incorporate by reference their responses to paragraphs 1-175

17  of the Complaint.

18      177.   Paragraph 177 of the Complaint is vague, ambiguous, uncertain, and states

19  a legal conclusion for which no answer is required. To the extent that an answer is

20  required, Defendants are without knowledge or information sufficient to form a belief

21  as to the truth of the allegations in Paragraph 177, and therefore deny the same.

22      178.   Paragraph 178 of the Complaint is vague, ambiguous, uncertain, and states

23  a legal conclusion for which no answer is required. To the extent that an answer is

24  required, Defendants are without knowledge or information sufficient to form a belief

25  as to the truth of the allegations in Paragraph 178, and therefore deny the same.

26      179.   Paragraph 179 of the Complaint is vague, ambiguous, uncertain, and states

27  a legal conclusion for which no answer is required. To the extent that an answer is

28  required, Defendants are without knowledge or information sufficient to form a belief

1   as to the truth of the allegations in Paragraph 179, and therefore deny the same.

2      180.   Paragraph 180 of the Complaint states a legal conclusion for which no

3   answer is required. To the extent that an answer is required, Defendants deny the

4   allegations in Paragraph 180 as they relate to them; and as to the remaining defendants,

5   they are without knowledge or information sufficient to form a belief as to the truth of

6   the allegations contained therein, and therefore deny the same.

7      181.   Paragraph 181 of the Complaint states a legal conclusion for which no

8   answer is required. To the extent that an answer is required, Defendants deny the

9   allegations in Paragraph 181 as they relate to them; and as to the remaining defendants,

10   they are without knowledge or information sufficient to form a belief as to the truth of

11   the allegations contained therein, and therefore deny the same.

12      182.   Paragraph 182 of the Complaint is vague, ambiguous, uncertain, and states

13   a legal conclusion for which no answer is required. To the extent that an answer is

14   required, Defendants are without knowledge or information sufficient to form a belief

15   as to the truth of the allegations in Paragraph 182, and therefore deny the same.

16      183.   Paragraph 183 of the Complaint is vague, ambiguous, uncertain, and states

17   a legal conclusion for which no answer is required. To the extent that an answer is

18   required, Defendants are without knowledge or information sufficient to form a belief

19   as to the truth of the allegations in Paragraph 183, and therefore deny the same.

20      184.   Defendants are without knowledge or information sufficient to form a

21   belief as to the truth of the allegations in Paragraph 184 of the Complaint, and therefore

22   deny the same.

23      185.   Defendants are without knowledge or information sufficient to form a

24   belief as to the truth of the allegations of Paragraph 185 of the Complaint, and therefore

25   deny the same.

26      186.   Defendants deny the allegations of Paragraph 186 of the Complaint.

27      187.   Defendants are without knowledge or informative sufficient to form a

28   belief as to the truth of the allegations in Paragraph 187 of the Complaint, and therefore

Wroten & Associates
Attorneys at Law
Wroten Pliess Casey Struk Ross

1   deny the same.

2       188.   Defendants are without knowledge or informative sufficient to form a

3   belief as to the truth of the allegations in Paragraph 188 of the Complaint, and therefore

4   deny the same.

5       189.   Defendants are without knowledge or informative sufficient to form a

6   belief as to the truth of the allegations in Paragraph 189 of the Complaint, and therefore

7   deny the same.

8       190.   Defendants are without knowledge or informative sufficient to form a

9   belief as to the truth of the allegations in Paragraph 190 of the Complaint, and therefore

10  deny the same.

11      191.   Defendants are without knowledge or informative sufficient to form a

12  belief as to the truth of the allegations in Paragraph 191 of the Complaint, and therefore

13  deny the same.

14      192.   Defendants are without knowledge or informative sufficient to form a

15  belief as to the truth of the allegations in Paragraph 192 of the Complaint, and therefore

16  deny the same.

17      193.   Defendants are without knowledge or informative sufficient to form a

18  belief as to the truth of the allegations in Paragraph 193 of the Complaint, and therefore

19  deny the same.

20      194.   Defendants are without knowledge or informative sufficient to form a

21  belief as to the truth of the allegations in Paragraph 194 of the Complaint, and therefore

22  deny the same.

23      195.   Defendants are without knowledge or information sufficient to form a

24  belief as to the truth of the allegations in Paragraph 195 of the Complaint, and therefore

25  deny the same.

26      196.   Defendants deny the allegations of Paragraph 196 of the Complaint.

27      197.   Defendants are without knowledge or information sufficient to form a

28  belief as to the truth of the allegations in Paragraph 197 of the Complaint, and therefore

ANSWER TO COMPLAINT

Wroten *&* Associates
*Attorneys at Law*
WROTEN PLESS CASEY SITAR ROSS

1  denies the same.

2  198.  Defendants are without knowledge or information sufficient to form a

3  belief as to the truth of the allegations in Paragraph 198 of the Complaint, and therefore

4  denies the same.

5  ### NINTH CLAIM FOR RELIEF

6  (Unfair Competition, Cal. Bus. & Prof. Code § 17200 et seq.)

7  (Against All Defendants)

8  199.  Defendants incorporate by reference their responses to paragraphs 1-198

9  of the Complaint.

10  200.  Paragraph 200 of the Complaint states a legal conclusion for which no

11  answer is required. To the extent that an answer is required, and the same relates to

12  these defendants, the allegations are denied; and to the extent the allegations pertain to

13  other defendants, these defendants are without knowledge or information sufficient to

14  form a belief as to the truth of the allegations in Paragraph 200, and therefore deny the

15  same.

16  201.  Paragraph 201 of the Complaint states a legal conclusion for which no

17  answer is required. To the extent that an answer is required, and the same relates to

18  these defendants, the allegations are denied; and to the extent the allegations pertain to

19  other defendants, these defendants are without knowledge or information sufficient to

20  form a belief as to the truth of the allegations in Paragraph 201, and therefore deny the

21  same.

22  202.  Paragraph 202 of the Complaint states a legal conclusion for which no

23  answer is required. To the extent that an answer is required, and the same relates to

24  these defendants, the allegations are denied; and to the extent the allegations pertain to

25  other defendants, these defendants are without knowledge or information sufficient to

26  form a belief as to the truth of the allegations in Paragraph 202, and therefore deny the

27  same.

28  / / /

Wroten & Associates
Attorneys at Law
WROTEN PLESS CASEY STEAR ROSS

## AFFIRMATIVE DEFENSES

WHEREFORE, having answered Plaintiff's Complaint, Defendants raise the following defenses, including affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

203.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

204.   Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

205.   Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

206.   The Court lacks subject matter jurisdiction over Plaintiff's Complaint.

### FIFTH AFFIRMATIVE DEFENSE

207.   This case should be transferred to the United States District Court for the Central District of California.

### SIXTH AFFIRMATIVE DEFENSE

208.   Plaintiff's claims are barred by the doctrine of acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

209.   Plaintiff's claims are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

210.   Plaintiff's claims are barred by waiver.

### NINTH AFFIRMATIVE DEFENSE

211.   Defendants are immune from liability under the Health Care Quality Improvement Act, 42 U.S.C. §§ 11111, 11112.

### TENTH AFFIRMATIVE DEFENSE

212.   Defendants are immune from liability under California Civil Code section 47.

/ / /

Wroten & Associates
Attorneys at Law
WROTEN PLESS CASEY STAR ROSS

### ELEVENTH AFFIRMATIVE DEFENSE

213.   Defendants are immune from liability under California Civil Code section 43.8.

### TWELFTH AFFIRMATIVE DEFENSE

214.   Defendants are immune from liability under California Civil Code section 47(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

215.   Defendants are immune from liability under California Civil Code section 47(c).

### FOURTEENTH AFFIRMATIVE DEFENSE

216.   No act or omission on the part of Defendants impacted upon interstate commerce contrary to Plaintiff's allegations.

### FIFTEENTH AFFIRMATIVE DEFENSE

217.   Plaintiff's Complaint fails to state sufficient facts to constitute a claim against Defendants for conspiracy and restraint of trade.

### SIXTEENTH AFFIRMATIVE DEFENSE

218.   Plaintiff's Complaint fails to state sufficient facts against Defendants for bad faith professional review.

### SEVENTEENTH AFFIRMATIVE DEFENSE

219.   Plaintiff's Complaint fails to state sufficient facts to constitute a claim for retaliation under California Business & Professions Code sections 510-512, 2056.

### EIGHTEENTH AFFIRMATIVE DEFENSE

220.   Plaintiff's Complaint against Defendants fails to state a retaliation claim under California Labor Code section 1102.5.

### NINETEENTH AFFIRMATIVE DEFENSE

221.   Plaintiff's Complaint fails to state facts sufficient to constitute a defamation claim against Defendants.

/ / /



Wroten & Associates
Attorneys at Law
WROTEN PLESS CASEY STAR ROSS

## TWENTIETH AFFIRMATIVE DEFENSE

222.   Plaintiff's claimed violation of Labor Code section 1050 et seq. is deficient in that inadequate facts have been alleged to support the same in Plaintiff's Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

223.   Plaintiff's Complaint is deficient in that it does not state sufficient facts to constitute a cause of action against Defendants for tortious interference with prospective economic advantage.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

224.   Plaintiff's Complaint is deficient in that it does not state sufficient facts to constitute a cause of action against Defendants for unfair competition.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

225.   Plaintiff's Complaint is time-barred under the applicable statute of limitations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

226.   If Plaintiff sustained or will sustain any injuries or damages as a result of any act or omission on the part of these defendants (which supposition is not admitted by these answering defendants but is merely stated for the purpose of this affirmative defense), then Plaintiff was himself guilty of malfeasance in failing to exercise that degree of care for his own safety and protection that ordinarily prudent persons would exercise under the premises, and said misconduct contributed as a legal cause in some degree to the injuries and damages being claimed by Plaintiff herein, thereby barring and/or reducing his recovery, if any, against Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

227.   Defendants contend that there is no basis for liability on their part relative to Plaintiff; however, without withdrawing that position, Defendants allege, in the alternative, that should they be found liable to Plaintiff, either individually or collectively, on the Complaint herein, Defendants should, in whole or in part, be indemnified by the other defendants, by those responsible persons and/or entities who

Wroten & Associates
Attorneys at Law
Wroten Pless Casey Star Ross

1   would be liable to Plaintiff if joined herein, according to the degree of involvement or

2   responsibility for causing injury or loss to Plaintiff; and by Plaintiff to the degree and

3   extent of his own contributory negligence, or to the extent he is found to have assumed

4   the position of any other responsible person and/or entity with whom he has settled his

5   claims separately or in any other manner has attempted to exonerate.

6       WHEREFORE, these answering Defendants pray:

7       1.    That Plaintiff take nothing by his Complaint;

8       2.    That these defendants recover theirs costs expended herein; and

9       3.    For such other and further relief as the Court may deem just and proper in

10   the premises.

11   DATED:  July 25, 2016        WROTEN & ASSOCIATES

12

13

14       By:  _____

15       LARRY T. PLEISS

16       CANDICE P. HALLACK
    Attorneys for Defendants, CHILDREN'S

17       HOSPITAL OF ORANGE COUNTY;
    CHOC MEDICAL STAFF; and CHOC

18       PEDIATRIC SUBSPECIALTY
    FACULTY

19

20

21

22

23

24

25

26

27

28

DEMAND FOR JURY TRIAL

Defendants, CHILDREN'S HOSPITAL OF ORANGE COUNTY; CHOC MEDICAL STAFF; and CHOC PEDIATRIC SUBSPECIALTY FACULTY, hereby demand a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  July 25, 2016                    WROTEN & ASSOCIATES


By:  _____
     LARRY T. PLEISS
     CANDICE P. HALLACK
     Attorneys for Defendants, CHILDREN'S
     HOSPITAL OF ORANGE COUNTY;
     CHOC MEDICAL STAFF; and CHOC
     PEDIATRIC SUBSPECIALTY
     FACULTY

1

2 <u>PROOF OF SERVICE</u>

3 STATE OF CALIFORNIA, COUNTY OF ORANGE

4       I am employed in the County of Orange, State of California.  I am over the age
of 18 and not a party to the within action; my business address is 5510 Trabuco
5 Road, Irvine, CA 92620.

6       On July 25, 2016, I served the foregoing document described as:
ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL
7

8 ☒       by placing ☐ the original ☒ a true copy thereof enclosed in sealed
envelopes addressed as follows:

9
10 Fitzgerald Knaier, LLP                              Attorneys for Plaintiff, Jason Toranto
Kenneth M. Fitzgerald, Esq.
Robert G. Knaier, Esq.
11 Howard C. Wu, Esq.
550 West "C" Street, Suite 2000
12 San Diego, CA 92101
Tele: (619) 241-4810
13 Fax: (619) 955-5318
Emails:
14 kfitzgerald@fitzgeraldknaier.com;
rknaier@fitzgeraldknaier.com;
15 hwu@fitzgeraldknaier.com

16 Lewis Brisbois Bisgaard & Smith LLP      Attorneys  for  Defendants,  Rady
Suzanne R. Pollack, Esq.                  Children's Hospital – San Diego, and
17 701 B Street, Suite 1900                related Rady Defendants, and Amanda
San Diego, CA 92101                       Gosman, M.D.
18 Tele: (619) 699-4902
Fax: (619) 233-8627
19 Email:
suzanne.pollack@lewisbrisbois.com
20

21 ☒       **(BY CM/ECF NOTICE OF ELECTRONIC FILING)** I electronically
filed the above-described document(s) with the Clerk of the Court by using
22 the CM/ECF system. Participants in this case who are registered CM/ECF
users will be served by the CM/ECF system. Participants in this case who
23 are not registered CM/ECF users will be served by mail or by other means
permitted by the court rules.
24

25 ☒       **(BY MAIL)** I am readily familiar with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be
26 deposited with the U.S. Postal Service on the same day with postage
thereon fully prepaid at Irvine, California in the ordinary course of
27 business.  I am aware that on motion of the party served, service is
presumed invalid if postal cancellation date or postage meter date is more
28 than one day after the date of deposit for mailing in affidavit.



☒      (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 25, 2016, at Irvine, California.

JEANNIE L. PIERRO

Type or Print Name                              Signature



