UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TORANTO,<br><br>           Plaintiff,<br><br>v.<br><br>DANIEL JAFFURS, et al.,<br><br>          Defendants. | Case No.: 16cv1709-JAH (NLS)<br><br>**ORDER:**<br><br>**(1) REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 4**<br><br>**(2) GRANTING EX PARTE MOTION TO SEAL**<br><br>**[ECF Nos. 116, 124]** |

  Before the Court is a Joint Motion for Determination of Discovery Dispute No. 4 wherein Plaintiff Jason Toranto ("Dr. Toranto") asks the Court to compel Defendant Daniel Jaffurs ("Dr. Jaffurs") to produce certain emails sent or received at his GoDaddy email account. ECF No. 116. Dr. Jaffurs objects to this request, arguing that it is untimely, not relevant and/or proportional, and on the basis of privacy. *Id.* at 1. On April 25, 2018, the Court ordered Dr. Jaffurs to submit the emails in question for in camera review (ECF No. 118), and the Court received the documents on April 30, 2018. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel.

1

## I. BACKGROUND

In his First Amended Complaint ("FAC"), Plaintiff alleges nine causes of action against ten defendants, including Dr. Jaffurs. ECF No. 21. The crux of the complaint is that Dr. Jaffurs allegedly made false and defamatory statements about Dr. Toranto that prevented him from being hired at the Children's Hospital of Orange County ("CHOC") and that Dr. Jaffurs conspired with Defendant Amanda Gosman ("Dr. Gosman") to prevent Toranto from obtaining privileges at Rady Children's Hospital ("Rady's") in San Diego.

Dr. Jaffurs maintains a personal website (http://www.jaffurs.com) and has an email associated with that domain. ECF No. 116 at 1. This website and email account are hosted by GoDaddy, an internet domain registrar and web hosting company. *Id.*

On April 10, 2017, Plaintiff served a third-party subpoena on GoDaddy, seeking metadata information from emails between Dr. Jaffurs and a list of eight physicians/administrators at the University of California, Irvine ("UCI"), CHOC, and Rady's. *Id.* at 2. The subpoena did not ask for the full emails, but instead requested a "list" of emails, wherein "list" is defined as "an organized spreadsheet or document showing the date, time, subject line, sender, and recipient(s) of the requested emails." *Id.*, Ex. A at 5. The subpoena specifically stated that "[t]he requesting party is not seeking the contents of any of the emails." *Id.*

After meet and confers, on August 15, 2017, Dr. Jaffurs produced 856 pages of email headers (showing to, from, date, time and subject but no message content) received from GoDaddy. *Id.* at 2. On December 4, 2017, Plaintiff requested via email to have 161 emails produced in their entirety. *Id.* On January 9, 2018, Dr. Jaffurs produced only 4 of the requested emails. After engaging in further meet and confers, counsel for Dr. Jaffurs permitted counsel for Plaintiff to inspect in person one of the emails, with the subject "DSM-5." *Id.* After inspecting this email, counsel for Plaintiff asked to inspect the other 156 emails but counsel for Dr. Jaffurs refused to permit further inspection. *Id.*

On January 29, 2018, Plaintiff served Dr. Jaffurs with Request for Production No. 26, which formally requested the 157 emails. *Id.*, Ex. B. On March 5, 2018, Dr. Jaffurs objected to this request and has not produced any of the emails. *Id.*, Ex. C.

## II. DISCUSSION

### a. Timeliness

As an initial matter, Dr. Jaffurs argues that this motion is untimely under the Chambers' Rules, which states that a joint discovery motion must be filed "within forty-five (45) days of the date of event giving rise to the dispute." The parties dispute what constitutes the "event giving rise to the dispute." Plaintiff argues that this "event," as defined in the Chambers' Rules, is when Dr, Jaffurs responded to Request for Production No. 26, which was the first formal written request for the contents of the emails. ECF No. 116 at 4. Dr. Jaffurs argues that the "event" should be interpreted to be when the "initial response" was received, which is either when Plaintiff received the original August 2017 production containing the 865 pages of email headers or when Dr. Jaffurs produced only 4 out of the 161 full emails that Plaintiff requested via email. *Id.* at 5. Under Dr. Jaffurs's interpretation, this motion would fall outside the 45-day rule.

The Federal Rules of Civil Procedure outline the rules for conducting discovery. If a party does not abide by the rules, the opposing party is under no obligation to produce documents. In this case, Plaintiff's original April 10 subpoena on GoDaddy explicitly asked for information other than email content. When Plaintiff subsequently requested via email to have a subset of the emails be produced in their entirety, this was technically not a valid discovery request because the original subpoena did not cover email content. *See e.g.*, *Hazeltine v. Hicks*, No. 114-CV-00056 DAD DLB PC, 2016 WL 8730849, at *2 (E.D. Cal. Aug. 26, 2016) ("While Plaintiff may have made various requests verbally at his deposition or by letter, under the rules of discovery, Defendants need not respond to oral requests or improper discovery requests."). It was not until Plaintiff formalized his request in the January 29 Request for Production that there was a formal request for email content. *Id.* (finding that only plaintiff's requests for documents was a valid discovery

request). By this same token, until that valid request was made, had Plaintiff come to the Court for relief, the Court would not have been able to grant it. *Calloway v. California Dep't of Corr. & Rehab.*, No. C 07-2335 RMW (PR), 2009 WL 412657, at *3 (N.D. Cal. Feb. 12, 2009) ("The court may compel a party or nonparty to comply with a discovery request, but such an order presupposes the existence of a valid discovery request."). Thus, the Court finds that the "event" triggering the 45 day deadline was the January 29 Request for Production for the contents of the emails and this joint motion falls within the 45 day limit.

Dr. Jaffurs also argues that Request No. 26 was duplicative of prior discovery requests 1-4, 18-19, and 21. Dr. Jaffurs is correct that parties are not permitted to restart the clock for bringing a discovery dispute by simply propounding duplicative discovery requests. *See, e.g.*, *Cruz v. United States*, No. 14CV2956-LAB (DHB), 2016 WL 727066, at *2–3 (S.D. Cal. Feb. 24, 2016) (finding subsequent RFP to be "substantially similar" to earlier RFP and rejecting as untimely joint discovery motion based on response deadline for subsequent RFP). However, Dr. Jaffurs has not shown this to be the case here. He has not shown what discovery requests 1-4, 18-19, and 21 cover and why they encompass every email on the list of 157 emails.

Thus, the Court finds that this joint motion is timely under the Chambers rules and will address it on the merits.

### b. <u>Request No. 26</u>

Federal Rule of Civil Procedure 34 allows a party to request that another party "permit the requesting party or its representative to inspect, copy, test, or sample [documents] in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). If the producing party objects in whole or in part to the request, it must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

The scope of information discoverable under Rule 34 is governed by Rule 26, which permits discovery of "any nonprivileged matter that is relevant to any party's

4

claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.*

In Plaintiff's Joint Statement, he lays out the various reasons he believes the 157 emails in question are relevant to the case. ECF No. 116-7 at 21-25. Because Plaintiff was only privy to the "to, from, cc:, date sent, and subject" of the emails, his claims of relevance are based on some level of conjecture as to the actual contents of the emails. Now that the Court has completed its in camera review of the emails, it orders the following emails to be produced.[1]

- **Emails 3-6, 8-14, 23, 25-30**: These emails relate to Mike Sundine and may be relevant to Plaintiff's allegations in his complaint related to "Physician No. 1" (who he identifies as Dr. Sundine) and to Plaintiff's broader allegations that Dr. Jaffurs engaged in a pattern of attacks against surgeons who he perceived to be a competitive threat.

- **Emails 68, 97-157**: These emails are all communications between Drs. Gosman and Jaffurs. The Court already ruled in its July 7, 2017 order that "evidence of their relationship through email communications is relevant and proportional to the needs of the case." ECF No. 100 at 6. Further, email 68 is the email between Drs. Gosman and Jaffurs, with the subject line "DSM-5." The parties dispute if the email is about Dr. Toranto. The Court finds that Dr. Toranto's circumstantial

---

[1] The Court's order is limited to finding that these emails fall within the broad scope of discovery permissible under Rule 26 and does not speak to any other issues, including the eventual admissibility of the emails or to the degree of their actual relevance to the case.

evidence regarding why he believes this email is about him is at least sufficient to permit the email to be discoverable.

- **Emails 85, 81**: These emails reference Dr. Toranto by name and were sent by or to Dr. Jaffurs.
- **Emails 39-43, 46, 47**: These emails relate to the possibility of Dr. Jaffurs moving to CHOC around the April-May 2016 timeframe and may be relevant to Dr. Toranto's theory as to Dr. Jaffurs's motivation for making statements about him to CHOC.
- **Emails 52-54**: These emails relate to the hiring of Raj Vyas, Dr. Toranto's replacement at UCI, around the time Dr. Toranto resigned.

Any email not listed above is found not to be relevant to the claims or defenses and proportional to the needs of the case and will not be ordered to be produced.

### c. Privacy

Dr. Jaffurs also objects to the production of these emails because he argues it would impinge on the privacy rights of the other senders/recipients of the emails, who are not parties to the case and never agreed to have their emails disclosed. ECF No. 116 at 17-18. Dr. Jaffurs argues that these non-parties' privacy should not be infringed just because Plaintiff suspects the emails are about him, regardless of the protective order in place.

Federal courts recognize a general right to privacy that can be raised in response to discovery requests. *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015). However, this privacy right is not an absolute bar to discovery, and "the resolution of a privacy objection requires a balancing of the need for the particular information against the claimed privacy right." *Id.* Factors that a court may consider in performing this balancing test includes whether the material is "clearly relevant" and whether "the need for discovery is compelling because the information sought is not otherwise readily obtainable." *All Star Seed v. Nationwide Agribusiness Ins. Co.*, No. 12CV146-L BLM, 2013 WL 1882260, at *3 (S.D. Cal. May 3, 2013).

Here, the Court performed an in camera review and has ordered production of only those emails that it found sufficiently relevant to the claims at issue and proportional to the needs of the case. Since these are personal emails, the information does not appear readily obtainable in other ways. Moreover, in light of the protective order in place, any sensitive information may be labeled confidential and could be protected from disclosure beyond the purpose of this litigation. *See Mohideen v. Calnet, Inc.*, No. 13CV799 MMA NLS, 2014 WL 1028638, at *3 (S.D. Cal. Mar. 14, 2014). Thus, on balance, the Court does not find the privacy concerns to be a bar to production of the above emails.

### d. <u>Sanctions</u>

Lastly, Plaintiff argues that sanctions are warranted under Federal Rule of Civil Procedure 37 for Dr. Jaffurs's failure to produce the requested documents. ECF No. 116 at 18-19. Plaintiff argues that there was no justification for withholding the documents and that Dr. Jaffurs and his counsel acted in bad faith in withholding and making misrepresentations about the "DSM-5" email, which Plaintiff argues is clearly about him.

Since the Court granted in part and denied in part the motion, Rule 37 states that the Court "*may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added); *see also Ovieda v. Sodexo Operations, LLC*, No. CV1201750GHKSSX, 2013 WL 12126766, at *7 (C.D. Cal. June 25, 2013 ("Because the Court has GRANTED in part and DENIED in part Plaintiffs' Motion to Compel, the Court has discretion to grant or deny sanctions."). Additionally, Rule 37(a)(5)(A) provides that a court must not award expenses if, among other things, "the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

The Court declines to award expenses in this matter because Plaintiff's motion to compel was granted only in part, and because the Court agreed with Dr. Jaffurs's objections on many of the emails as irrelevant to the claims and defenses in the case.

//

### III. **MOTION TO SEAL**

In conjunction with the joint discovery dispute, after the Court ordered the in camera review, Plaintiff filed a supplemental declaration in support of the joint motion and an accompanying motion to seal exhibits E and F attached to that declaration. ECF Nos. 124 125 127. Defendants filed an opposition to the supplemental declaration. ECF No. 130. Defendants do not argue that the sealing would be inappropriate but argue that Plaintiff did not have permission to file the supplemental declaration and that it is unnecessary given that the Court ordered in camera review.

The Court declines to strike the supplemental declaration. Plaintiff explains that the declaration was filed in order to provide the Court with more context for the in camera review. The Court has reviewed the declaration and does not find that it alters the Court's consideration of the emails. Moreover, Defendants had an opportunity to file an opposition and argue against the Plaintiff's position. The parties do not dispute the motion to seal, and the Court finds sufficient basis to **GRANT** the motion to seal Exhibits E and F to Plaintiff's declaration.

### IV. **CONCLUSION**

For the foregoing reasons, Defendants' motion to compel the emails requested in Request for Production No. 26 is **GRANTED IN PART AND DENIED IN PART**. Dr. Jaffurs shall produce to Plaintiff emails 3-6, 8-14, 23, 25-30, 39-43, 46, 47, 52-54, 68, 81, 85, 97-157 within 14 days of this order. Plaintiff's motion for sanctions is **DENIED**. The Court **GRANTS** Plaintiff's motion to seal Exhibits E and F to Plaintiff's supplemental declaration.

**IT IS SO ORDERED.**

Dated: May 24, 2018

Hon. Nita L. Stormes
United States Magistrate Judge