UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TORANTO,<br><br>                    Plaintiff,<br>v.<br><br>DANIEL JAFFURS, et al.,<br><br>                    Defendants. | Case No.: 16cv1709-JAH (NLS)<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 7**<br><br>**[ECF No. 193]** |

Before the Court is a Joint Motion for Determination of Discovery Dispute No. 7, wherein Defendant Daniel Jaffurs ("Jaffurs") asks the Court to compel Plaintiff Jason Toranto ("Plaintiff") to submit to an additional hour of deposition. ECF No. 193. Plaintiff opposes this request, arguing that additional deposition time is not warranted. Upon consideration and for the reasons stated below, the Court **DENIES** this request.

## I. <u>BACKGROUND</u>

In his Second Amended Complaint ("SAC"), Plaintiff alleges nine causes of action against seven defendants. ECF No. 169. As the defendants are represented by four sets of counsel, they have grouped themselves as follows: (1) Daniel Jaffurs, (2) Amanda Gosman, (3) the Rady defendants, and (4) the CHOC defendants. *See* ECF No. 193 at 1.

Defendants took the first deposition of Plaintiff on June 5, 2017. *Id.* Counsel for the Rady defendants took 4.5 hours of testimony, counsel for Jaffurs took 2:43 hours of

1

testimony, and counsel for the CHOC defendants did not take any but reserved his right to take testimony. *Id.* at 1-2.

After the first deposition, the parties filed their Joint Motion for Determination of Discovery Dispute No. 3, where Defendants sought to take a second day of deposition of Plaintiff. ECF No. 104. After consideration of this request, the Court granted Defendants an additional 3.5 hours of deposition time. ECF No. 106. In granting this time, the Court noted that the different defendants may have differing interests and only the Rady defendants had significant opportunity to question Plaintiff. *Id.* at 5-6. The Court limited the time of 3.5 hours to occur on the same day, and explicitly stated that "[c]ounsel for Defendants must decide amongst themselves how to divide up the time and coordinate their efforts so as to make maximal use of the time." *Id.* at 6.

Pursuant to this order, Plaintiff's second day of deposition took place on July 9, 2018. ECF No. 193 at 2. Mr. Fitzgerald represented Plaintiff and it appears that Ms. Buser and Ms. McDonough both spoke on the record on behalf of Defendant Jaffurs. The deposition began at 8:00 a.m. The deposition began with Ms. McDonough questioning Plaintiff, and before she concluded, the following exchange took place:

> **MS. McDONOUGH**: I do have more Questions to ask, but I want to be respectful of my codefendants, and so I'll stop here subject to going to the Court to ask for more time. okay? I know you don't agree with that.
>
> **MR. FITZGERALD**: Okay.
>
> **MS. McDONOUGH**: But that's -- I'm reserving the right -- yeah, I'm reserving the right to go to court on that.
>
> **MR. FITZGERALD**: I understand.

ECF No. 193-1 at 6-7. Ms. McDonough came off the record at around 9:30 a.m. *Id.* at 7. The transcript indicates that Ms. McDonough left the deposition at around 11:30 a.m. ECF No. 193-2 at 9. At the end of the deposition, the following exchange took place between Ms. Buser and Mr. Fitzgerald:

**MS. BUSER**: Wait. I'd like to just add for Dr. Jaffurs. Ms. McDonough had reserved her time and we're just asking -- I thought Larry was going to ask some questions as well, but if he's not, if there's any way you would stipulate to staying after lunch and having -- continue. She had just made plans, based on the fact that you said he had leave at 12:00, but if you're okay with continuing; otherwise, we're going to make a motion to get more time for the deposition. So it's up to you.

**MR. FITZGERALD**: Well, I don't understand because the deposition was scheduled at 8 a.m. It's 12:07. There are only, by my calculation, 10 minutes left on the record that you're allowed under the Court's order. And Ms. McDonough apparently didn't plan to stay through to complete the deposition in the time allotted.

**MS. BUSER**: The deposition was scheduled at 8 a.m. It was ordered for three and a half hours, so she thought it would be done by 12:00, which is when Dr. Taranto said he had to leave, which is what we were told by your office. So what I'm telling you now is, she has additional questions she'd like to ask, and we'll go ahead and make a motion to Judge Stormes asking for that additional time, but if you'd like to just stipulate to letting her continue after lunch, she can do that and that would avoid a motion.

**MR. FITZGERALD**: Why don't you just ask those questions now?

**MS. BUSER**: Well, Ms. McDonough needs to ask them because she's the one that prepared them.

**MR. FITZGERALD**: Well, it seems to me that Ms. McDonough should have stayed in order to be able to do that. But let me confer with Dr. Toranto.

**MS. BUSER**: She's only asking for another hour.

**MR. FITZGERALD**: Wait. She wants to -- she wants to do another hour of questions?

**MS. BUSER**: Right.

**MR. FITZGERALD**: Yeah -- no, we're not going to agree to that. So if that's – we'll – we'll stay for the allotted three and a half hours with which, by my calculation, has another 10 minutes to go. So if you want to ask questions for another 10 minutes, great; if not, then -- then I think we're adjourned.

> **MS. BUSER**: Okay. Then, we'll just go ahead and make the motion. Thanks.

ECF No. 193-1 at 8-10. Defendant Jaffurs subsequently brought this motion for the additional hour.

## II. DISCUSSION

The question before the Court is whether an additional hour to depose Plaintiff is warranted. Each deposition is limited by the Federal Rules of Civil Procedure to one seven hour day. Fed. R. Civ. P. 30(d)(1). If a deponent already has been deposed for this amount of time, the party seeking additional time must obtain leave of the court and the party "is expected to show good cause to justify such an order." Fed. R. Civ. P. 30(a)(2) and advisory committee notes (2000 Amendment); *Garcia v. Cty. of San Diego*, No. 15cv189-JLS (NLS), 2017 WL 3923682, at *1 (S.D. Cal. Sept. 7, 2017). "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).

Defendant Jaffurs argues that good cause exists for several reasons. First, this case involves several defendants with varied interests, and there was a last minute addition of new counsel for Defendant Gosman four days prior to the deposition. ECF No. 193 at 4. As a result, Defendant Jaffurs argues that he had to share the time with his co-defendants and did not have sufficient time to ask the questions he wanted. Second, Defendant Jaffurs identifies several areas of testimony that have not been addressed at the prior depositions that he claims is needed for the case. *Id.* at 3-4. Finally, Defendant Jaffurs argues that his counsel reasonably used her time, did not ask repetitive and irrelevant questions, and he will be prejudiced if not permitted to ask the remaining questions. *Id.* at 5-7.

Plaintiff responds that Defendant Jaffurs has not shown good cause because he has had sufficient time to depose him between the two days of depositions, which amounted to a total of 10.5 hours, especially considering the Court's previous order directing

Defendants to cooperate to make maximal use of the second 3.5 hours. *Id.* at 8-10, 15. In addition, Plaintiff claims that Defendant Jaffurs' counsel failed to take advantage of the full time that the Court previously granted Defendants by leaving early and leaving time on the clock during the July 9th deposition. *Id.* at 10-12. Plaintiff also claims that Defendant Jaffurs wasted time by repeating questions and topics that were already previously covered and asking inappropriate, argumentative questions. *Id.* at 13-15.

On balance and in light of the additional deposition time already granted, the Court does not find that Defendant Jaffurs has demonstrated good cause for yet more deposition time. While the case does involve several defendants, this was part of the Court's original consideration in granting the additional 3.5 hours and the Court explicitly directed the parties to work together to make best use of this time. Even though new counsel came in for Defendant Gosman relatively close to the second deposition, nothing prevented counsel for Defendants from adapting to this change. Moreover, it was only new counsel that was added—not a new Defendant—so this addition does not inject new issues or interests into the case warranting additional time. Moreover, though Defendant Jaffurs lists several areas of questioning he would like to pursue in an additional hour of deposition, the Court does not find that they are so central to the case to outweigh the additional burden, particularly in light of the testimony already taken by the collective Defendants in 10.5 hours and in light of all the other discovery in which the parties have engaged.[1] Accordingly, Defendant Jaffurs's request for more deposition time is **DENIED**.

//
//
//

---

[1] While the request is for an additional hour, the burden is greater considering the parties themselves admit that scheduling the second deposition "was no easy task given the number of lawyers and surgeons involved" and it took "the first half of 2018" trying to schedule it. ECF No. 193 at 2.

### III. CONCLUSION

For the foregoing reasons, Defendant Jaffurs's motion to compel the continued deposition of Plaintiff is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 17, 2018

*Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge