UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TORANTO,<br><br>                  Plaintiff,<br><br>v.<br><br>DANIEL JAFFURS, et al.,<br><br>                  Defendants. | Case No.: 16cv1709-JAH (NLS)<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 9**<br><br>**[ECF No. 217]** |

    Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 9, wherein Plaintiff Jason Toranto ("Plaintiff") asks the Court to compel Defendant Amanda Gosman ("Dr. Gosman") to respond to certain requests contained in his Requests for Production (Set Three). ECF No. 217. Defendant Gosman opposes this motion, arguing that the requests in question do not seek relevant information and are too broad and unduly burdensome. *Id.* Upon consideration and for the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to compel.

## I.   BACKGROUND

    In his Second Amended Complaint ("SAC"), Plaintiff alleges nine causes of action against several defendants, including Dr. Gosman. ECF No. 169. The crux of the complaint is that Defendant Daniel Jaffurs ("Dr. Jaffurs") allegedly made false and

defamatory statements about Dr. Toranto that prevented him from being hired at Children's Hospital of Orange County ("CHOC") and that Dr. Jaffurs conspired with Dr. Gosman to prevent Dr. Toranto from obtaining privileges at Rady Children's Hospital ("Rady's") in San Diego.

The present motion relates to discovery requests propounded in Plaintiff's Requests for Production (Set Three) to Dr. Gosman. These were served on August 17, 2018 and Dr. Gosman responded on September 26, 2018. ECF No. 217 at 1. At issue are four of the Requests for Production.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Once the propounding party establishes that the request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry heavy burden of showing why discovery was denied").

"The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (internal citation omitted). The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id.* Both discovery and Rule 26 are intended to provide parties with "efficient access to what

2
16cv1709-JAH (NLS)

is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.*

The Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *see U.S. Fidelity and Guar. Co. v. Lee Investments L.L.C.*, 641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.") (internal quotation and citations omitted). To the extent that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2). Limits should also be imposed where the burden or expense outweighs the likely benefits. *Id.* How and when to so limit discovery, or to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

### III. DISCUSSION

#### a. Request for Production No. 48

This request seeks the following documents:

> All COMMUNICATIONS between YOU and any PERSON, including but not limited to text messages, and any e-mails sent from or received at any e-mail account YOU have, regarding or relating to the Rady Foundation from January 2015 to the present.

Plaintiff explains that this request is relevant to his allegations in the complaint that physicians at Rady's that are employed by or members of the Rady Foundation are engaged in a pattern and practice of preventing physicians who are not members from practicing at Rady's. ECF No. 217 at 2; *see also* ECF No. 169 at ¶ 138. Plaintiff explains that he is seeking only communications that substantively discuss the Rady Foundation, and has offered to narrow the request to documents that relate to the "organization, structure, governance, finances, and business model" of the Rady Foundation. *Id.* at 3.

3

Dr. Gosman opposes on the grounds that the request is too broad and disproportionate to the needs of the case. *Id.* at 4. In addition, she has supplemented the response, stating that she will produce "all non-privileged documents relating to Plaintiff, allegations of the Second Amended Complaint, and/or any documents that refer or relate to Defendant's knowledge of any plastic surgery cases which were/are to be funneled to the Foundation." *Id.* at 2.

The Court agrees with Dr. Gosman and finds that her supplemental response, agreeing to produce certain documents, reaches an appropriate balance of relevance versus burden on this request. This request as written and even Plaintiff's compromise position are indeed overbroad—the allegations in Plaintiff's complaint are only limited to alleging that physicians affiliated with the Rady Foundation attempt to keep physicians not so affiliated from practicing at Rady's. General matters related to the Rady Foundation's finances or governance or business model are not proportional to these allegations. While Plaintiff argues that Dr. Gosman's supplemental response leaves too much up for interpretation, the Court finds that the inclusion in her response of documents "relating to . . . the Second Amended Complaint" to be sufficient to capture relevant documents.

Accordingly, the motion to compel on this request is **DENIED**. Dr. Gosman is only expected to produce consistent with her supplemental response.

### b. Requests for Production Nos. 57, 58, 59

These requests seek the following documents:

**49**: YOUR tax returns for the years 2014 to the present.

**50**: YOUR personal income statements for the years 2014 to the present.

**51**: Any and all mortgage applications, loan applications, credit applications, or other documents reflecting YOUR actual or anticipated earnings from YOUR professional medical practice from 2014 to the present.

Identical requests were propounded in separate Requests for Production to Dr. Jaffurs, and the Court previously ruled that these requests were relevant to the issue of punitive damages, discovery on the financial documents should not be postponed, and Defendants' privacy considerations can be adequately protected by the Protective Order in place. ECF No. 221 at 5-8. Upon review of the parties briefing in the instant motion, the Court sees no reason to deviate from its previous ruling.

Accordingly, the Court will **GRANT IN PART** the motion to compel for these requests for the same reasons as previously discussed in its Order on Joint Motion for Determination of Discovery Dispute No. 8. *Id.* Dr. Gosman is ordered to produce responsive documents, but only for the time period beginning in January 2017.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel as to the above Requests for Production are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: November 20, 2018

Hon. Nita L. Stormes
United States Magistrate Judge