UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TORANTO,<br><br>                            Plaintiff,<br><br>v.<br><br>DANIEL JAFFURS, et al.,<br><br>                           Defendants. | Case No.: 16cv1709-JAH (NLS)<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 11**<br><br>**[ECF No. 354]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 11, wherein Plaintiff Jason Toranto ("Plaintiff") asks the Court to compel Defendants to jointly pay for the costs related to the cancelled expert deposition of Dr. Pietrafesa. ECF No. 354. Defendants oppose this motion, arguing that they should not be forced to pay the cancellation fee or alternatively, that the Court should set a more reasonable fee. *Id.* Upon consideration and for the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**I.    BACKGROUND**

In his Second Amended Complaint ("SAC"), Plaintiff alleges nine causes of action against several defendants, including Rady's. ECF No. 169. The crux of the complaint is that Defendant Daniel Jaffurs ("Dr. Jaffurs") allegedly made false and defamatory statements about Dr. Toranto that prevented him from being hired at Children's Hospital

of Orange County ("CHOC") and that Dr. Jaffurs conspired with Defendant Amanda Gosman ("Dr. Gosman") to prevent Dr. Toranto from obtaining privileges at Rady's.

The present motion concerns who should bear the costs related to the cancelled expert deposition of Plaintiff's expert, Dr. Charles Pietrafesa. ECF No. 354. Dr. Pietrafesa signed an engagement letter with Plaintiff on November 30, 2018 and he was disclosed as an expert witness on February 22, 2019. ECF No. 354-1 at 2, ¶ 2, ECF No. 354-1 at 7. Plaintiff's counsel declares that Dr. Pietrafesa's engagement letter, including his rates, was shared with Defendants at the time he was disclosed. ECF No. 354-1 at 2, ¶ 2. Relevant to this dispute, the engagement letter stated:

> My fees are $800 per hour for document review, discussion and report production. For local (Los Angeles County) deposition or trial testimony, I charge $800 per hour from door-to-door with a 4-hour minimum for testimony or cancellation or rescheduling on less than seven (7) business days' notice. For out-of-town deposition or trial testimony, I charge a flat $10,000 per day, including travel days, with a 1-day minimum for availability, testimony or cancellation or rescheduling on less than seven (7) business days' notice.

ECF No. 354-1 at 7.

Defendants first noticed Dr. Pietrafesa's deposition on March 22, 2019. ECF No. 354-1 at 12-16. The parties then met and conferred to find a mutually acceptable date for his deposition, which was set to be April 29. *Id.* at 20-25. Defendants requested that he be deposed in San Diego starting at 9:00 a.m. *Id.* at 21. Plaintiff's counsel indicated that it was fine, but reminded Defendants that his rate was $10,000 per day outside of Los Angeles. *Id.* at 20. Defendants then served an amended deposition notice on Dr. Pietrafesa for that date. *Id.* at 27-33.

Dr. Pietrafesa then informed Plaintiff's counsel that starting at 9:00 a.m. would require two days payment since he would travel down the night before. *Id.* at 42. Counsel then began to meet and confer on start and end times that might avoid the charge. *Id.* at 37-42. Defendants suggested moving the deposition closer to Dr. Pietrafesa in Los Angeles, but Plaintiff's counsel could not make it. *Id.* at 38-39. The

2

parties finally settled on taking his deposition in San Diego, from 10:30 a.m. – 6:00 p.m. *Id.* at 37.

Dr. Pietrafesa's deposition went forth as planned on April 29, from 10:40 a.m. to 6:02 p.m. ECF No. 354-1 at 3, ¶ 7. During the deposition, five breaks were taken ranging from 4 to 12 minutes, due to either the videographer needing to change disks or at Dr. Pietrafesa's request, and one 40-minute lunch was taken. ECF No. 354-3 at 2-3, ¶ 5. About 6 hours of total deposition time was taken. ECF No. 354-1 at 3, ¶ 7. Defendants state that they wished to go past 6:00 p.m. to take the rest of their allotted time, but were told no as Plaintiff's counsel and Dr. Pietrafesa needed to leave. ECF No. 354-3 at 3, ¶ 7.

After the deposition, on the next day April 30, counsel for Defendants reached out to Plaintiff's counsel regarding completing Dr. Pietrafesa's deposition. ECF No. 354-4 at 27. In meet and confer correspondence, Plaintiff's counsel took the position that Defendants agreed to Dr. Pietrafesa's start and stop time and that the reason that the deposition did not complete was because Defendants did not coordinate and consolidate their questioning. *Id.* at 26. Defendants' counsel took the position that they had to conclude the deposition because Dr. Pietrafesa had to leave and they have an hour remaining. *Id.* In additional, another one of Defendants' counsel stated that they were "not going to pay him for anything above 1 hour of his time and not his exorbitant rate of $10,000 plus travel expenses." ECF No. 354-3 at 37.

On May 15, 2019, Plaintiff's counsel offered Dr. Pietrafesa for the additional hour of deposition on June 5 in Los Angeles. ECF No. 354-1 at 48. The email additionally stated that "[h]is minimum compensation for Los Angeles is four hours at $800 per. As I understand it, though, defendants have only one hour remaining with him. So it will be $3200 for that hour. Please let me know if I should confirm with Pietrafesa." *Id.* Over the next couple of days, Defendants confirmed the time. *Id.* at 44-47. On May 27, 2019, Plaintiff's counsel then emailed that Dr. Pietrafesa would reserve the date and requested

an amended deposition notice, which Defendants then sent on May 29. *Id.* at 44; ECF No. 354-1 at 71-77.

Subsequently, on June 3—two days before the continued deposition was to take place—Defendants sent an email stating that they decided not to proceed with the deposition. ECF No. 354-1 at 83. After confirming via email, later that same day, Plaintiff's counsel informed Defendants that Dr. Pietrafesa would be charging his cancellation fee of $3,200, noting that it is in his engagement agreement for cancellations that occur within seven days of scheduled testimony. *Id.* at 81. Defendants responded the following day, stating that they will not pay the fee for a cancellation that happened two days in advance of the deposition. *Id.*

As a result of the cancellation, Dr. Pietrafesa declared that he had to forgo a trip to Florida for another client and was unable to book paid time for another client to mitigate his loss. ECF No. 354-2 at ¶ 6. As a result, he has billed Plaintiff for the $3,200 cancellation fee, per his agreement. *Id.*

## II. DISCUSSION

In this motion, Plaintiff asks that the Court order Defendants to pay for the $3,200 that he has been charged by Dr. Pietrafesa for the cancelled second day of deposition. Plaintiff also asks for attorneys' fees he incurred in having to bring this motion. ECF No. 354 at 4.

Defendants object on several grounds. First, Defendants blame Plaintiff's counsel and Dr. Pietrafesa for why the second day of deposition was even needed, because they refused to go past 6:00 p.m. during the first day. ECF No. 354 at 14-15. Second, Defendants argue that when they agreed to the date of the second day, they were only agreeing to the date and had not agreed to pay for the $3,200 fee. *Id.* at 15. Third, they argue that even if they should be pay some cancellation fee, that the 4-hour minimum at $800 an hour is not a reasonable fee. *Id.* at 15-19.

Upon review of the factual background and communications surrounding the scheduling Dr. Pietrafesa's deposition, the Court is persuaded that Defendants should

4

bear some but not all of the cost of the cancellation. Defendants were made aware of Dr. Pietrafesa's fees before the first day of deposition and were provided with his fee agreement well in advance. Thus, Defendants should have been aware of his cancellation policy and the timing trigger for the cancellation fee. Plaintiff offered Dr. Pietrafesa's second date on May 15, and Defendants did not formally accept and follow-up with an amended deposition notice until two weeks later on May 29. To the extent Defendants were hesitating about the fee, this would have been the time to discuss and negotiate regarding the same—not to wait until two days before the scheduled deposition. In addition, to the extent Defendants argue that the second day was necessitated by Dr. Pietrafesa's hard stop on the first day, they were made aware of this in advance and did not object or voice any concerns about fitting in seven hours of deposition time beforehand.

Having found that Defendants should bear some burden as to the cancellation fee, under Federal Rule of Civil Procedure 26(b)(4)(E), a party seeking discovery must pay the expert a "reasonable fee for time spent in responding to discovery" "unless manifest injustice would result." What amount constitutes a "reasonable fee" lies within the Court's sound discretion. *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 545 (D. Ariz. 1999). Here, Plaintiff's position was that Defendants only had one hour left on the clock with Dr. Pietrafesa. The second day of deposition was also scheduled to be local to Dr. Pietrafesa, in Los Angeles. In light of these circumstances, it would have been reasonable for Dr. Pietrafesa to set aside two hours for the deposition. Dr. Pietrafesa would have remained open and available to schedule the rest of his day accordingly, even before Defendants cancelled the deposition. Thus, under the circumstances, the Court finds it appropriate to **GRANT IN PART** Plaintiff's motion and **ORDER** Defendants to pay $1,600 for 2 hours of Dr. Pietrafesa's time that was wasted due to the cancellation.

Plaintiff also requests that the Court grant him attorneys' fees he incurred in filing this motion. The Court declines to award attorneys' fees under these circumstances. Both sides had colorable arguments as to their positions, and while it is unfortunate a

resolution was not reached over the $3,200 before filing the motion, the Court does not find it fair for either side to bear the brunt of the attorneys' fees. This request for attorneys' fees is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion. Defendants are **ORDERED** to pay $1,600 to Plaintiff as a reasonable cancellation fee for Dr. Pietrafesa's second day of deposition within 14 days of this order.

**IT IS SO ORDERED.**

Dated: August 19, 2019

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge